**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; BLUE CROSS BLUE SHIELD ASSOCIATION; VERONICA PERAZA; HYUNJI AHN; Doctor YOUSSEF E. YOUSSEF; SARA DULL; REGENTS OF THE UNIVERSITY OF CALIFORNIA; UCSF MEDICAL CENTER; ALAMEDA HEALTH SYSTEM; EDEN MEDICAL CENTER,<br><br>　　　　Defendants - Appellees. | No. 25-7438<br><br>D.C. No.<br>3:25-cv-02930-RFL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Rita F. Lin, District Judge, Presiding

Submitted May 21, 2026[**]
San Francisco, California

Before: WARDLAW, BEA, and SANCHEZ, Circuit Judges.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff John Doe filed this interlocutory appeal of the district court's denial of his motion for a temporary restraining order ("TRO").  We dismiss Doe's appeal for lack of jurisdiction.

1.  An order denying a TRO is generally not appealable under 28 U.S.C. § 1292(a)(1), which limits this Court's jurisdiction to review denials of preliminary injunctions.  *See Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989).  We have recognized that a TRO denial "may be appealed if the circumstances render the denial 'tantamount to the denial of a preliminary injunction.'"  *Id.* (quoting *Env't Def. Fund, Inc. v. Andrus*, 625 F.2d 861, 862 (9th Cir. 1980)).  This is so if the denial of the TRO followed a "full adversary hearing" and, "in the absence of review, the appellants would be effectively foreclosed from pursuing further interlocutory relief."  *Andrus*, 625 F.2d at 862.

2.  The denial of Doe's motion for a TRO did not follow a full adversary hearing.  The district court invited only one defendant out of many to the hearing and received opposition briefs from some but not all defendants.  Moreover, the district court acknowledged at the non-evidentiary hearing that relief on a more fulsome record or amended claims may be a possibility.  *Compare Religious Tech. Ctr.*, 869 F.2d at 1309 n.6 (finding that "a non-evidentiary adversary hearing at which all parties were represented" satisfied the "full adversary hearing"

25-7438

requirement where "[t]he record below ma[de] it clear that an evidentiary hearing would have been pointless").

3. Nor did the district court order foreclose the possibility that Doe could pursue interlocutory relief in the future. The district court denied the TRO because Doe's motion relied on unpleaded theories and conclusory allegations. Though the district court suggested that certain unpleaded theories may not be colorable, the district court's order did not indicate that further amendment was futile, and it did not reach the legal merits of several of Doe's other claims. Under these circumstances, where the district court did not foreclose the possibility of injunctive relief in the future and even acknowledged the seriousness of Doe's initial allegations, it is not "unmistakably clear" that future applications for preliminary injunctive relief by Doe would be futile. *Religious Tech. Ctr.*, 869 F.2d at 1308–09.[1]

Accordingly, because the denial of Doe's motion for a TRO was not tantamount to the denial of a preliminary injunction, we lack jurisdiction to consider Doe's appeal. *See id.* at 1308.

**DISMISSED.**

---

[1] After Doe filed this appeal, the district court resolved Defendant-Appellees' motions to dismiss Doe's complaint, granting the motions but giving Doe leave to amend several of his claims. The possibility of further amendment reinforces the point that Doe has not been foreclosed from pursuing preliminary injunctive relief.